RECEIVED

JUN 0 6 2008

*CHAMBERS OF*
*HONORABLE SUSAN D. WIGENTON*

William H. Graham, Esq.
Brendan Judge, Esq.
CONNELL FOLEY LLP
85 Livingston Avenue
Roseland, New Jersey 07068
(973) 535-0500
Attorneys for Nonparty, Wyeth

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

IMS HEALTH INCORPORATED;          :
VERISPAN, LLC; and SOURCE         :
HEALTHCARE ANALYTICS, Inc., a     :     Civil Action No.: 07-00188
Subsidiary of WOLTERS KLUWER,     :
HEALTH Inc.,                      :
                                  :
                Plaintiffs,       :     Pending in the United States District Court
                                  :     For the District of Vermont
v.                                :
                                  :     **STIPULATION CONFIDENTIALITY**
WILLIAM H. SORRELL, as Attorney   :     **AGREEMENT AND ORDER WITH**
General of the State of Vermont,  :     **RESPECT TO INFORMATION**
                                  :     **PRODUCED BY NONPARTY WYETH**
                Defendant.        :
PHARMACEUTICAL RESEARCH AND       :
MANUFACTURERS OF AMERICA,         :
                                  :
                Plaintiff,        :
                                  :
v.                                :
                                  :
WILLIAM H. SORRELL, in his official :
capacity as Attorney General of the State of :
Vermont, JIM DOUGLAS, in his official :
capacity as the Governor of the State of :
Vermont, and CYNTHIA D. LAWARE, in :
her official capacity as the Secretary of the :
Agency of Human Services of the State of :
Vermont,                          :

                Defendants.

The discovery procedures in this case may require nonparty Wyeth to disclose

information, either documentary or testimonial or both, regarded by Wyeth as confidential and/or

private information incorporating proprietary data, trade secrets, other valuable or commercially sensitive information, and confidential and private information concerning Wyeth, the parties, witnesses, or other persons not party to this action. Accordingly, Wyeth and the parties to this action, by and through their respective attorneys, stipulate and agree to the following terms and conditions in order to safeguard confidential information that may be disclosed by Wyeth in the course of this action or in the actions commenced in Vermont captioned *IMS Health, et al. v. Sorrell* and *PhRMA v. Sorrell, et al.*

IT IS HEREBY ORDERED that Wyeth and the parties shall follow the procedures set forth below with respect to information, documents or things produced or otherwise disclosed by Wyeth during this litigation.

1.  <u>Definitions</u>

   (a)  <u>Confidential Information</u>:  As used herein, "confidential information" shall mean any information, documents, testimony or other things furnished by Wyeth in the course of this litigation regarded by Wyeth as confidential and/or private information incorporating proprietary data, trade secrets, other valuable or commercially sensitive information and confidential and private information concerning Wyeth, the parties, witnesses, or other persons not party to this action, and/or commercially sensitive information designated as "CONFIDENTIAL" pursuant to the procedures set forth below.  The term shall include information, documents, testimony or other things obtained by any party via subpoena, or other discovery.  The term "documents" shall be broadly construed to include information that is recorded in any form, including but not limited to hard copy, electronic stored information, and

audio and video recordings.  "Confidential information" does not include information that has been publicly disclosed in a lawful manner and not in violation of any protective order or inadvertently disclosed.

(b)    Attorneys' Eyes Only Information:  Any confidential document or testimonial information produced by Wyeth which contains trade secrets or private, confidential or commercially sensitive information with respect to Wyeth, the parties, witnesses, or other persons not party to this action, may be designated in writing as "ATTORNEYS' EYES ONLY."  The term "trade secrets" as used herein means information that derives economic value, actual or potential, from not being generally known to other persons who can obtain competitive advantage or economic value from its disclosure or use.  "Trade secrets" also means sensitive financial information integral to Wyeth's business operations for which Wyeth has a demonstrably compelling interest in avoiding disclosure.  Designation of information as "ATTORNEYS' EYES ONLY" means that the information is also designated as CONFIDENTIAL, as defined in this Agreement.

2.    Marking of Confidential Information and/or Attorneys' Eyes Only Information:

(a)    Marking:  Documents, information, or tangible items shall be designated CONFIDENTIAL and/or ATTORNEYS' EYES ONLY within the meaning of this Protective Order in the following ways:

(1)    In the case of documents or tangible items and the information contained therein that are produced by Wyeth, designation shall be made by placing on each page of the document, or on the tangible

item with a clearly visible mark, the legend CONFIDENTIAL and/or ATTORNEYS' EYES ONLY.

(2)   In producing original files and records for inspection, no marking need by made by Wyeth in advance of the inspection.   For the purposes of the inspection, all documents produced shall be considered as marked CONFIDENTIAL and ATTORNEYS' EYES ONLY and inspected only by counsel, their staff and services retained by counsel to photocopy or image documents or evidence, except as otherwise limited herein.   Thereafter, upon selection of specified documents for copying by the inspecting party, Wyeth shall mark as CONFIDENTIAL and/or ATTORNEYS EYES' ONLY the copies of such documents as may contain confidential information at the time the copies are produced to the inspecting party.

(b)   <u>Good Faith</u>:  Wyeth agrees to designate information as CONFIDENTIAL or ATTORNEYS EYES' ONLY on a good faith basis and not for purposes of harassing the receiving the receiving party or parties or for purposes of unnecessarily restricting the receiving party's or parties' access to information concerning the lawsuit.

(c)   <u>Receipt of Designated Information</u>:  Except as permitted by further order of the court, or by subsequent written agreement, such designated documents or testimonial information shall be received by counsel of record for the party or parties upon the terms and conditions of this Protective Order.

(d)     Documents to be Produced for Use at Trial:  Wyeth and the parties agree to enter into a separate future agreement which will address the handling of CONFIDENTIAL and ATTORNEYS' EYES ONLY documents to be used at trial.  If Wyeth and the parties are unable to reach such an agreement, either Wyeth or a party may request the Court to enter an appropriate Order.

3.      Right of Access to Designated Information:

(a)     CONFIDENTIAL Information:   Disclosure of information designated as CONFIDENTIAL, including summaries thereof, shall be limited to the Court; the parties' counsel of record; associate attorneys and paralegal and clerical employees assisting any of these counsel; and to the following persons, who shall be required to first execute the requisite declaration as set forth in subsection 3(d) below: (i) Defendants William H. Sorrell, Jim Douglas, and Cynthia D. Laware; (ii) consultants or experts retained by the parties to consult or testify in the case; (iii) court reporters and videographers of sworn proceedings; (iv) services retained by counsel to photocopy or image or keypunch information from documents or evidence or to prepare charts, summaries, timelines, illustrations, or other demonstrative materials to be used in the litigation; (v) any person that a document, on its face, indicates has previously seen, or has been sent the designated information, such as authors, drafters, recipients and copyholders of the documents or information; and (vi) witnesses and prospective witnesses to the extent deemed necessary by counsel to prepare for or give testimony regarding facts at issue in this

litigation, or to assist counsel in performing work int his litigation, but as to this category (vi), counsel must retain physical custody of the CONFIDENTIAL document or other tangible thing unless consent to release it is given by Wyeth.  Disclosure of CONFIDENTIAL information or to any expert or consultant or other service-provider assisting counsel shall be limited to that confidential information necessary for the consultation work or preparation to testify.  In no case shall CONFIDENTIAL information be disclosed to any person or entity who competes directly or indirectly with Wyeth (a "competitor") or any labor organization, its representatives or agents, that represents or is engaged in organizing Wyeth's employees (a "labor union").

(b)     <u>ATTORNEYS' EYES ONLY Information</u>:     Disclosure of information designated as ATTORNEYS' EYES ONLY, including summaries thereof, shall be limited to the Court; the parties' counsel of record; associate attorneys and paralegal and clerical employees assisting any of these counsel; and to the following persons, who shall be required to first execute the requisite declaration as set forth in subsection 3(d) below:  (1) court reporters and videographers of sworn proceedings in which the ATTORNEYS' EYES ONLY information is raised; (2) services retained by counsel to photocopy or image or keypunch information from documents or evidence or to prepare charts, summaries, timelines, illustrations, or other demonstrative materials to be used in the litigation; (3) experts or consultants (not including competitors

or labor unions) retained by the parties; and (4) deponents as set forth in subsection 3(e) below.

(c)  <u>Prohibition Against Disclosure to Unauthorized Persons</u>:  With respect to all documents, information, or tangible items produced or furnished by Wyeth during this litigation which are designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY, such information shall be kept confidential and shall not be given, shown, made available, discussed, or otherwise communicated in any manner ("disclosed"), either directly or indirectly, to any person not authorized to receive the information under the terms of this Protective Order.   CONFIDENTIAL and ATTORNEYS' EYES ONLY information received by any authorized person shall be used only for purposes of this litigation an for no other purpose.

(d)  <u>Requirement to Obtain a Written Declaration</u>:  Before disclosure of any CONFIDENTIAL or ATTORNEYS' EYES ONLY information subject to this Protective Order is made to anyone who is required to execute the requisite declaration as set forth in subsections 3(a) and (b) above, counsel for the party disclosing the information shall obtain a written declaration, in the form attached hereto as Appendix A, from each person to whom disclosure is to be made, acknowledging that any document, information or tangible item that has been designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY is subject to this Protective Order, that the person has read this Protective Order, that such person agrees to comply with and be bound by this Protective order, that such person is aware that contempt sanctions may be entered for violation

of this Protective Order, and that such person consents to personal jurisdiction of this Court. The originals of all signed declarations shall be maintained by the party who procures the signature throughout the duration of this litigation, including all appeals.

(e)   <u>Use of Designated Information in Depositions</u>: If, in the course of this action, depositions are conducted which involve Wyeth's CONFIDENTIAL or ATTORNEYS' EYES ONLY information, counsel for Wyeth must be notified at least ten (10) days prior to the deposition and afforded an opportunity to attend. Wyeth's CONFIDENTIAL or ATTORNEYS' EYES ONLY information may be used during a deposition only if Wyeth's counsel is present or if Wyeth affirmatively waives representation at the deposition. During the deposition, Wyeth's counsel may designate, on the record, the portion of the deposition which counsel believes may contain CONFIDENTIAL or ATTORNEYS' EYES ONLY information. If designation of CONFIDENTIAL information is made, those portions of said depositions involving such CONFIDENTIAL information will be taken with no one present except (i) those persons who are authorized to have access to such CONFIDENTIAL information in accordance with this Protective Order, (ii) the reporter and videographer, if any, (iii) the deponent and deponent's counsel, if the deponent has separate legal counsel, and (iv) counsel for the parties and counsel for Wyeth. If designation of ATTORNEYS' EYES ONLY information is made, those portions of said depositions involving such ATTORNEYS' EYES ONLY information will be taken with no one present

except (i) those persons who are authorized to have access to such ATTORNEYS' EYES ONLY information in accordance with this Protective Order, (ii) the reporter and videographer, if any, (iii) the deponent and deponent's counsel, if the deponent has separate legal counsel, and (iv) counsel for the parties and counsel for Wyeth.  A witness, whose deposition is being taken, may see any document identified as CONFIDENTIAL or ATTORNEYS' EYES ONLY if the document is first handed to counsel for Wyeth for inspection and either (i) Wyeth's counsel has no objection to the witness seeing the document, or (ii) the document indicates on its face that the witness has previously seen or has been sent the document, or (iii) the witness is within the category of persons entitled to see this type of information, pursuant to the provisions described above in subsections 3(a) and (b) above.  If Wyeth's counsel objects, opposing counsel will have the option to:  (i) request that the deponent sign a declaration containing the wording specified in Exhibit A to this Agreement, or (ii) recess the deposition so that the matter can be brought before the Court for determination.  Wyeth shall have until forty five (45) days after the deposition is taken within which to inform the parties to the action of the portions of the transcript (by specific page and line reference) to be designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY.  Unless otherwise agreed by counsel, the right to make such designation, or expiration of the forty five (45) day period.  Prior to such designation, or expiration of the forty five (45) day period, the entire deposition transcript shall be deemed CONFIDENTIAL information.

Transcripts of testimony, or portions thereof, or documents containing the CONFIDENTIAL or ATTORNEYS' EYES ONLY information shall be filed only under seal as described below in section 7, until further order of the Court.

4.   <u>Inadvertent Production</u>:  If, through inadvertence, Wyeth provides any confidential information pursuant to this litigation without marking the information as CONFIDENTIAL or ATTORNEYS' EYES ONLY information, or provides any information subject to a claim of attorney-client privilege, attorney work product or other privilege or immunity, Wyeth may, at any time but as soon as reasonably practical, inform the receiving party or parties of the CONFIDENTIAL or ATTORNEYS' EYES ONLY or privileged or immune nature of the disclosed information, and the receiving party or parties shall, as applicable, treat the disclosed information as CONFIDENTIAL or ATTORNEYS' EYES ONLY or privileged or immune information under this Protective Order, and shall destroy the original and all copies of assertedly privileged or immune documents (and destroy all summaries of same) within five (5) business days of receipt of written notice from Wyeth.  The receiving party or parties shall provide Wyeth with a certificate of destruction, such as the one attached hereto as Appendix B, within twenty-four (24) hours of destruction.  To the extent the receiving party or parties has or have already disclosed this information, the receiving party or parties shall promptly notify Wyeth as to the specific recipients of such information and shall take all reasonable steps to remove such information from said recipients unless, with respect to CONFIDENTIAL and

ATTORNEYS' EYES ONLY information, they are otherwise entitled to disclosure under this Protective Order. Nothing in this section precludes the receving party from challenging the designation of a document, as set forth in section 9 below.

If a party or counsel for a party receives a document or other information that appears on its face to be inadvertently produced and subject ot a claim of privilege, counsel for the receiving party will inform counsel for Wyeth promptly after becoming aware of the disclosure.

5.   <u>Disclosure Contrary to this Agreement:</u>   If CONFIDENTIAL or ATTORNEYS' EYES ONLY information is disclosed to any person other than in the manner authorized by this Order, the person responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of counsel for Wyeth and, without prejudice to any other rights and remedies, make every effort to prevent further disclosure by it or by the person who was the recipient of such information.

6.   <u>Disclosure Must Conform to this Agreement and Future Court Orders:</u>   Unless modified by any future order issued by the Court, no person or party shall directly or indirectly utilize or disclose any CONFIDENTIAL or ATTORNEYS' EYES ONLY information obtained pursuant to pretrial in this action, except for the purpose of this action and any appeals and retrials thereof, and such utilization or disclosure must be in compliance with this Agreement.

7.  <u>Instructions for Filing CONFIDENTIAL or ATTORNEYS' EYES ONLY Information Under Seal</u>:  Any document, pleading, or tangible item which contains CONFIDENTIAL or ATTORNEYS' EYES ONLY information, if filed or submitted to the Court, shall be so marked and shall be filed separately under seal with the Clerk of the Court consistent with the Court's filing procedures.

8.  <u>Notice to Third Parties</u>:  The parties and their attorneys shall inform all witnesses, consultants, employees, agents, court reporters, or anyone else who may from time to time have access to any CONFIDENTIAL or ATTORNEYS' EYES ONLY information of the substance of this Order.

9.  <u>Acceptance of A Designated or Non-Designated Document Does Not Constitute Agreement with Its Designation or Non-Designation</u>:  Acceptance or receipt by a party or parties of any information, document, or thing designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY, or with no designation, shall not constitute a concession that the information, document or thing is properly so designated or not designated.  Any party may contest a designation that a document is CONFIDENTIAL or ATTORNEYS' EYES ONLY information (or a non-designation) at any time.  If the receiving party or parties disagree with the designation or non-designation, and marking by Wyeth of any material as CONFIDENTIAL or ATTORNEYS' EYES ONLY, then Wyeth and the objecting party or parties shall first try to resolve such disputes on an informal basis.  The receiving party or parties may, at any time, send to Wyeth a writing identifying the documents which they believe to be improperly designated, and a brief discussion of the rationale for such belief.  This writing will constitute the beginning of any meet-

and-confer process required before formal motion. Wyeth shall then respond to such writing no later than five (5) business days from receipt, which shall also be construed as part of the meet-and-confer process ("response"). In the event that the number of documents at issue or any other factor causes Wyeth to believe that more than 5 business days will be required to respond, an extension of time may be agreed upon in writing by all parties involved in the dispute. In the event that the good faith attempt to resolve differences as to designations is unsuccessful, the receiving party may present such dispute to the Court by motion or otherwise. Such court-relief must be served and filed within ten (10) business days of the end of the meet-and-confer process. The end of the meet-and-confer process may be determined by mutual agreement, or unilaterally in writing by either party after the response is received. However, if either party elects to unilateterally end the meet-and-confer process in writing, such written notification will be sent to one designated lawyer for Wyeth and for each party via email with a copy posted to the regular mail on the same date as the email. Notwithstanding the designation or non-designation of any material as CONFIDENTIAL or ATTORNEYS' EYES ONLY, Wyeth reserves its right to seek relief regarding material that it believes was illegally obtained from some source other than Wyeth's voluntary production, including but not limited to the return of the material and/or damages for misappropriation or unauthorized use.

10.   <u>Other Objections Preserved:</u>  This Protective Order shall be without prejudice to Wyeth's right to oppose production of any information on grounds other than confidentiality.

11.   <u>Right to Seek or Agree to Other Orders</u>:  This Protective Order shall not prevent Wyeth or the parties from applying to the Court for relief herefrom, or from applying to the Court for further or additional protective orders, or from agreeing to modify or vacate this Protective Order, subject to the approval of the Court.

12.   <u>Destruction and Return of Designated Information and Continued Agreement to Confidentiality</u>:  At the conclusion of this action, including to any appeals, all CONFIDENTIAL information and all ATTORNEYS' EYES ONLY information furnished pursuant to this Protective Order, and all copies thereof, shall be destroyed by counsel for the receiving party or parties.  Within twenty-four (24) hours of destruction, the receiving party shall provide Wyeth with a certificate of destruction, such as the one attached hereto as Appendix B.  Counsel for the receiving party or parties is entitled to keep copies of materials that have been filed with the Court in this action, materials that are part of the public record, and correspondence used in this litigation, in a secure storage area subject to the terms of this Agreement.  The provisions of this Protective Order insofar as it restricts the disclosure, communication of, and use of CONFIDENTIAL and ATTORNEYS' EYES ONLY information produced hereunder shall continue to be binding after the conclusion of this action.

13.   <u>Violation</u>:  Any party to this action may file a motion requesting that the Court sanction or hold in contempt of Court anyone who violates the terms of this Order.

I hereby consent to the form and entry of the above.

Dated: **MAY 9**, 2008

CONNELL FOLEY LLP

By: _William H. Graham_ _____

William H. Graham

Attorneys for Nonparty, WYETH


Dated: _____, 2008


By:_____

Attorneys for Plaintiff,
IMS HEALTH INCORPORATED


Dated: _____, 2008


By:_____

Attorneys for Plaintiff, VERISPAN, LLC


Dated: _____, 2008


By:_____

Attorneys for Plaintiff,
SOURCE   HEALTHCARE   ANALYTICS,
INC.


Dated: _____, 2008


By:_____

Attorneys for Plaintiff,
PHARMACEUTICAL   RESEARCH   AND
MANUFACTURERS OF AMERICA

Dated:  May 7, 2008

By: _____

Michael Donofrio
Assistant Attorney General
Office of the Vermont Attorney General

Attorneys for Defendants

So Ordered on this  6th  day of June, 2008

Hon. _____

USDJ

Dated: _____, 2008        CONNELL FOLEY LLP

By: _____
    William H. Graham

Attorneys for Nonparty, WYETH

Dated: 5/28, 2008

By: _____

Attorneys for Plaintiff,
IMS HEALTH INCORPORATED

Dated: 5/28, 2008

By: _____

Attorneys for Plaintiff, VERISPAN, LLC

Dated: 5/28, 2008

By: _____

Attorneys for Plaintiff,
SOURCE HEALTHCARE ANALYTICS, INC.

Dated: 5/28, 2008

By: _____

Attorneys for Plaintiff,
PHARMACEUTICAL RESEARCH AND MANUFACTURERS OF AMERICA

Dated: _____, 2008                  CONNELL FOLEY LLP

                                        By:_____
                                              William H. Graham

                                        Attorneys for Nonparty, WYETH

Dated: _____, 2008

                                        By:_____

                                        Attorneys for Plaintiff,
                                        IMS HEALTH INCORPORATED

Dated: _____, 2008

                                        By:_____

                                        Attorneys for Plaintiff, VERISPAN, LLC

Dated: _____, 2008

                                        By:_____

                                        Attorneys for Plaintiff,
                                        SOURCE HEALTHCARE ANALYTICS,
                                        INC.

Dated: _____, 2008

                                        By: _____
                                        Laura R. _____
                                        Attorneys for Plaintiff,
                                        PHARMACEUTICAL RESEARCH AND
                                        MANUFACTURERS OF AMERICA